**In re Paul Ignatius PODGORSKI, Debtor.**

**In re Alma Jane PODGORSKI, Debtor.**

**Bankruptcy Nos. 80–60526, 81–61705.**

United States Bankruptcy Court, N. D. Indiana, Hammond Division at Gary.

March 23, 1982.

Green, Powers, Belshaw & Danko, Whiting, Ind., for debtors.

## ORDER

RUSSELL H. NEHRIG, Bankruptcy Judge.

The court hereby denies the joint application of Bernard Baruch, as trustee in the closed case of Paul Ignatius Podgorski, and David R. DuBois, as trustee in the pending case of Alma Jane Podgorski, to reopen the closed case and consolidate the cases for a joint administration.

## MEMORANDUM

The above named debtors own their residence real estate as tenants by the entirety. They filed a joint bankruptcy case on April 30, 1980. The wife, Alma, was dismissed out of the case November 26, 1980 on her motion, obviously filed to protect their real estate. Consequently, the real estate was not an asset in Paul's case. His case was closed March 5, 1981.

Alma filed bankruptcy November 16, 1981, one year, six months and sixteen days after her original filing and about one year after her dismissal. As the matter now stands, the real estate is not an asset in her case.

Bernard Baruch and David R. DuBois, as the respective trustees in the two cases, filed an application on January 14, 1982 to reopen Paul's case and consolidate it with Alma's case for joint administration. If granted, it would have the obvious effect of bringing in the tenancy by entirety real estate as an asset.

Paul and Alma filed an objection which alleges that they are experiencing great financial difficulties due to their continuous health problems which have resulted in mounting medical bills not covered by insurance, that Paul is in poor health and out of work as a welder/pipefitter, that the family of four has to subsist on Alma's income alone which is approximately $390.00 a month as a janitress, and that they have no additional source of income, property, insurance, family or friends from whom they could pay their debts. Their amended Schedule A–3 shows that $10,496.40 unsecured debts out of a total of $11,406.03 are directly related to the health problems. The objection states that their real estate is valued at $39,000.00 and is subject to a mortgage of about $7,500.00.

A very good decision on the subject of re-opening a closed bankruptcy, which has been followed in some other circuits, is *Reid v. Richardson*, 304 F.2d 351 (4th Cir. 1962). Except for time elements, the facts in that case are the same as the instant case. Reid's bankruptcy was filed March 17, 1960 and closed August 26, 1960. His wife filed bankruptcy on October 18, 1960. Reid's bankruptcy was re-opened January 3, 1961.

The court stated that an estate may be re-opened "for cause shown" which places the matter within the sound discretion of the court. The Bankruptcy Code also contains the "cause shown" standard. The following reasoning of the court deserves careful study when applying it to another case:

Under all of the circumstances of this case, and particularly in view of the "legal fraud" that would occur if this estate were not re-opened, we cannot say that the court below abused its discretion in re-opening the estate. However, we specifically note that the time of re-opening of an estate is of crucial significance. Here it was only six months after the filing of the petition in bankruptcy. Under all these circumstances, re-opening within this period of time was not improper. However, it must be borne in mind that re-opening defeats one of the major purposes of the Bankruptcy Act; to stabilize an insolvent debtor's financial position at the time of the filing of the petition, to relieve him of his existing financial burdens, and to provide his then assets for the relief of his creditors. Re-opening removes the element of certainty from the adjudication and settlement of estates. It is as essential to the creditors as it is desirable to the bankrupt that this element of certainty be destroyed only for the most compelling cause. Accordingly as the time between closing of the estate and its re-opening increases, so must also the cause for re-opening increase in weight. In the instant case the lapse of time is so short and the seriousness of the cause to re-open so great that re-opening was proper.

*Id.* at 355.

Logically, the court in *Reid* should have been concerned only about the lapse of time from closing to re-opening as appears at the end of the quotation and not the time from filing of the bankruptcy to re-opening as first stated. The lapse from closing to re-opening was four months and seven days. If the instant case had been re-opened on the date when the trustees filed their application, the lapse of time from closing to re-opening would have been ten months and nine days or six months and two days longer than in *Reid*. It would also be a re-opening made one year, four months and fourteen days after the bankruptcy was filed. The court is of the opinion that those circumstances would leave a bankruptcy too long in the state of limbo.